This is an appeal by defendants from a judgment of the Supreme Court rendered against them in plaintiff’s favor on a jury verdict at Trial Term, in Broome County and entered there January 24, 1950. The judgment was for plaintiff’s recovery of damages because of severe personal injuries he sustained when, operating his motorcycle upon the smooth surface of a public highway in the nighttime, his vehicle skidded and went out of control. There was ample evidence to sustain a finding that this was caused by the presence of a quantity of motor lubricating oil in the pathway of the motorcycle which had been spread and deposited there in the operation of defendants’ motor truck when its crankcase plug fell away and released the oil upon the pavement. Upon the discovery of this mishap defendants’ chauffeur halted, secured a new plug, refilled the oil reservoir and continued on his way, with knowledge that the spread of oil was several hundred feet lengthwise and some eighteen to twenty-four inches in width. Nothing was done about the presence of the oil upon the roadway until the occurrence of plaintiff’s accident some seven hours later around midnight. Whether, under all the circumstances shown, the presence of the oil upon the roadway constituted a reasonably foreseeable menace to public safety so that defendants were negligent in wholly ignoring the danger and in failing to take any steps to remove or abate the risk they had occasioned, was, in our opinion, properly submitted to the jury as a question of fact, and we may not say their finding was against the weight of evidence. While the material facts as to the defendants’ conduct in proximate causation are not in serious dispute, we do not agree that as a matter of law plaintiff’s accident was not fairly foreseeable in the “eye of reasonable vigilance ”, Rather, it is our view that the condition of the roadway as created by the conduct of defendants gave rise to a “ range of reasonable apprehension ” which was subject to varying inferences, and hence was a jury question. (Palsgraf v. Long Island It. It. Co., 248 N. Y. 339, 343, 345.) The question as to plaintiff’s contributory negligence was also a jury question. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ.